UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUCMAI HUYNH, et al., | Case No. 1:24-cv-000157-KES-EPG |
| Plaintiffs, | |
| v. | ORDER SETTING BRIEFING SCHEDULE ON REQUEST TO STAY DISCOVERY; CLARIFYING MINUTE ORDER |
| ALLSTATE NORTHBROOK INDEMNITY COMPANY, | |
| Defendant. | (ECF Nos. 18, 19) |

This removed case alleges claims for breach of contract and breach of the implied covenant of good faith and fair dealing stemming from an insurance dispute. (ECF No. 1). Now before the Court is Defendant's *ex parte* application to stay discovery and for Court clarification. (ECF No. 18).

**Motion to Stay Discovery**

First, Defendant moves to stay all discovery pending a ruling on its motion to compel arbitration.[1]

To the extent that Defendant's *ex parte* application requests a ruling without giving Plaintiffs the opportunity to respond and to the extent that it requests an expedited ruling, Defendant has failed to provide a sufficient basis to grant such relief. *See Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995) ("The expression '*ex parte*  motion' is a term of art. In its pure form it means a request a party makes to the court without any

---

[1] The motion to stay will be addressed by the undersigned.

1

notice to the other side."); *Hufnagle v. Rino Int'l Corp.*, No. CV 10-08695 DDP VBKX, 2012 WL 6553743, at *1 (C.D. Cal. Dec. 14, 2012). ("*Ex parte* relief is generally disfavored when relief may be had through a regularly noticed motion. It will be granted only upon an adequate showing of good cause or irreparable injury to the party seeking relief.).

Plaintiffs have already filed an opposition to the application to stay discovery. (ECF No. 19). Accordingly, the Court will set the standard reply deadline of 10 days from the date of Plaintiff's opposition for Defendant to file any reply.

However, in light of the outstanding discovery requests, the Court will stay discovery until the Court has ruled on Defendants' motion to stay.

Moreover, the initial scheduling conference set for April 30, 2024, and the requirement to file a scheduling report, are vacated. (ECF No. 4). The Court will reset the initial scheduling conference, if warranted, at a later date.

Clarification of Minute Order

Defendant also seeks clarification of the Court's minute order that clarified that the motion for summary adjudication would be heard by the District Judge.

Shortly after removal, Plaintiff filed a motion for summary adjudication, noticing the hearing before the undersigned. (ECF No. 6).

Because Plaintiff had noticed the motion before the undersigned, although the parties had not consented to Magistrate Jurisdiction, the Court issued the following minute order on February 8, 2024:

> On February 7, 2024, Plaintiffs filed a motion for summary adjudication, noticing the motion for a hearing before the undersigned for March 15, 2024. (ECF No. 6). However, as the parties have not yet consented to United States Magistrate Judge jurisdiction, the motion will be addressed by the to-be-assigned District Judge on the papers. The Clerk of Court is respectfully directed to assign a District Judge to this case. As the motion will be referred to the District Judge, the March 15, 2024, hearing on the motion is vacated. The District Judge will set a hearing on the motion at a later date if desired. The parties are reminded that they may voluntarily consent to United States Magistrate Judge jurisdiction, for purposes of this motion or for the entire case, but "they are free to withhold consent without adverse substantive consequences." Fed. R. Civ. P. 73(b)(2).

(ECF No. 9).

Defendant failed to file an opposition to the motion for summary adjudication.

Defendant now seeks clarification of the Court's February 8, 2024 minute order vacating the hearing on the motion for summary adjudication:

> Allstate interpreted the docket entry to mean that Plaintiffs' motion to the Magistrate Judge would be vacated and off calendar unless and until the District Judge wished to address it. [Warren Decl., ¶ 19] Plaintiffs claim that the docket entry means that the merits of their motion are under consideration by the Court and that, therefore, Allstate is required to oppose it. [*Id.*]

(ECF No. 18, p. 3). Defendant alternatively "requests leave to file an opposition to [the motion for summary adjudication.]" (ECF No. 18, p. 3). Plaintiffs oppose this request, arguing that Defendant's interpretation of the minute order was unreasonable and it has acted dilatorily in requesting an extension. (ECF No. 19, pp. 12-13).

The Court agrees with Plaintiff that nothing in the order relieved Defendant of the obligation to respond to the motion.

As to Defendant's alternate request that it be given an opportunity to file an opposition to the motion after the deadline has past, the Court finds the following legal standards applicable:

> Federal Rule of Civil Procedure 6(b)(1) provides:
>
>> (1) In General. When an act may or must be done within a specified time, the court may, for good cause, extend the time:
>>
>>> (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
>>>
>>> (B) on motion made after the time has expired if the party failed to act because of excusable neglect.
>
> Fed.R.Civ.P. 6(b)(1). This rule, like all the Federal Rules of Civil Procedure, "[is] to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." *Rodgers v. Watt*, 722 F.2d 456, 459 (9th Cir.1983) (quoting *Staren v. American Nat'l Bank & Trust Co. of Chicago*, 529 F.2d 1257, 1263 (7th Cir.1976)); *see also* Fed.R.Civ.P. 1 ("[The Federal Rules] should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding.").

*Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258–59 (9th Cir. 2010).

> Courts analyzing excusable neglect employ an equitable analysis which includes the following factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith.

*Goens v. Adams & Assocs., Inc.*, No. 2:16-CV-00960-TLN-KJN, 2018 WL 263896, at *2 (E.D. Cal. Jan. 2, 2018) (citation and internal quotation marks omitted).

3

With these standards in mind, the Court will grant Defendant an extension to respond to the motion for summary adjudication. While nothing in the Court's order relieved Defendant of the obligation to respond to the motion, the Court appreciates that no District Judge was assigned to the case at the time of the order. Additionally, there is no prejudice to Plaintiff, aside from a relatively short delay. And given the early stages of this case, it will not impact the judicial proceedings. While the Court has concerns about the reasonableness of Defendant's understanding of the minute order, the Court cannot conclude that Defendant failed to act in good faith. Moreover, the policy of deciding cases on the merits warrants permitting an opposition.

Accordingly, IT IS ORDERED as follows:

1. By no later than 10 (ten) days following the filing of Plaintiff's opposition (ECF No. 19) to Defendant's *ex parte* application, Defendant shall file any reply brief. The Court will not set a hearing on the motion unless it determines that one is warranted.
2. Discovery is stayed until the Court has ruled on the pending motion to stay discovery.
3. The initial scheduling conference set for April 30, 2024, and the requirement to file a scheduling report, are vacated. (ECF No. 4). The Court will reset the initial scheduling conference, if warranted, at a later date.
4. Defendant shall file any opposition to Plaintiffs' motion for summary adjudication by no later than twenty-one (21) days following the entry of this order. Plaintiffs shall have 10 (ten) days after the opposition to file any reply. Local Rule 230(d).[2]

IT IS SO ORDERED.

Dated:  **April 17, 2024**                    /s/ Erica P. Grosjean
                                              UNITED STATES MAGISTRATE JUDGE

---

[2] The motion to compel arbitration will be decided by the District Judge.

4