UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUCMAI HUYNH, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>ALLSTATE NORTHBROOK INDEMNITY COMPANY,<br><br>  Defendant. | Case No. 1:24-cv-00157-KES-EPG<br><br>ORDER GRANTING DEFENDANT'S MOTION TO STAY DISCOVERY<br><br>(ECF No. 18) |

This matter is before the Court on the motion of Defendant Allstate Northbrook Indemnity Company to stay discovery in this case until its motion to compel arbitration is decided.[1] (ECF No. 18). Upon review of the parties' briefing and the applicable law, the Court will stay discovery in this matter until Defendant's motion to compel arbitration is decided.

**I.  BACKGROUND**

Defendant removed this action from the Fresno Superior Court on February 2, 2024. (ECF No. 1). In the underlying complaint, Plaintiffs Trucmai and Trucphuong Huynh allege that, after they were injured in a motor vehicle accident involving a driver who was not insured, Defendant wrongly denied them uninsured motorist benefits under their insurance policy. Specifically,

---

[1] Defendant's motion also requests clarification of the Court's February 8, 2024 minute order (ECF No. 9); generally, it asks whether it has been excused from responding to Plaintiffs' motion for summary adjudication. The Court addressed this issue in its April 17, 2024 order, advising that nothing in the order relieved Defendant of the obligation to respond to the motion and granting Defendant an extension to respond, which response Defendant has since filed. (ECF Nos. 20, 22). Accordingly, this issue has already been addressed.

1

Plaintiffs allege two causes of action: (1) breach of written contract, stemming from Defendant's failure to provide them the coverage owed under their insurance policy; and (2) breach of the implied covenant of good faith and fair dealing, stemming from Defendant's actions in dealing with Plaintiffs' coverage claims, *e.g.*, Defendant purportedly failed to promptly and reasonably handle their insurance claim.

About one month after this case was removed, Defendant filed a motion to compel arbitration. (ECF No. 13). Generally, Defendant argues that a California statute—California Insurance Code § 11580.2(f)—and the policy at issue require the parties to arbitrate their dispute regarding the uninsured motorist claim. In response, "Plaintiffs do not dispute that the policy and the insurance code provided for arbitration of Plaintiffs' claim for [uninsured motorist benefits]." (ECF No. 16, p. 29). However, they argue that Defendant's conduct in dealing with their claim for benefits—such as denying their requests to provide coverage in discussions before this action was filed—means that Defendant "has waived or should be estopped from having any right to arbitrate Plaintiffs' claims for uninsured motorists benefits." (*Id.* at 8). Defendant's motion to compel arbitration is currently pending before the assigned District Judge.

On April 13, 2024, Defendant filed this motion to stay discovery, arguing as follows:

> In this case, the Court should stay discovery pending a ruling on Allstate's pending motion to compel arbitration because: (1) the outcome of the motion could moot the currently pending discovery; (2) Plaintiffs will not face any prejudice if a stay is granted; (3) Allstate will suffer an undue hardship if a stay is not granted; and (4) this request preserves the parties' and the Court's resources.

(ECF No. 18-1, p. 7).

Plaintiffs argue that discovery should not be stayed because Defendant's motion to compel arbitration will fail as Defendant has waived, or should be estopped from seeking, arbitration of their claims for uninsured motorist benefits. (ECF No. 19, p. 15). Additionally, they argue that they should first be able to pursue discovery on the arbitration issue before the motion to compel arbitration is decided. Lastly, they argue that staying discovery will cause them extreme prejudice, as the longer discovery is delayed, the more difficult it may be to obtain relevant discovery.

On April 17, 2024, the Court issued an order (1) giving Defendant the opportunity to file a reply in support of its motion and noting that no oral argument would be held; (2) staying

discovery until it ruled on Defendant's motion; and (3) vacating the initial scheduling conference. (ECF No. 20). Defendant has since filed a reply, reiterating its arguments for a stay. (ECF No. 21). Accordingly, this matter is now ripe.

## II.  STANDARDS

With limited exception, "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." Fed. R. Civ. P. 26(d)(1). After the parties' Rule 26(f) conference, a party is required to make initial disclosures within 14 days "unless a different time is set by stipulation or court order, or unless a party objects during the conference that initial disclosures are not appropriate in this action and states the objection in the proposed discovery plan." Fed. R. Civ. P. 26(a)(1)(C). And generally, a court is required to issue a scheduling order addressing the completion of discovery after receiving the parties' Rule 26(f) report. Fed. R. Civ. P. 16(b)(2)-(3).

While "[t]he Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery in the face of potentially dispositive motions . . . district courts may nonetheless exercise wide discretion in controlling discovery." *Marsh v. AFSCME Loc. 3299*, No. 2:19-CV-02382-JAM-DB, 2020 WL 1475442, at *2 (E.D. Cal. Mar. 26, 2020) (internal quotation marks and internal citations omitted). "While the Ninth Circuit has not provided a clear standard for evaluating a motion to stay discovery pending resolution of a potentially dispositive motion, it has affirmed that district courts may grant such a motion for good cause." *Ahern Rentals, Inc. v. EquipmentShare.com, Inc.*, No. 2:19-CV-01788-MCE-KJN, 2020 WL 2216944, at *2 (E.D. Cal. May 7, 2020) (citing *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988)).

"District courts in the Ninth Circuit often apply a two-pronged test to decide whether to stay discovery." *Apothio, LLC v. Kern Cnty.*, No. 1:20-CV-00522-JLT-CDB, 2023 WL 2655847, at *5 (E.D. Cal. Mar. 27, 2023). Under the first prong, the Court considers whether the pending motion is "potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is aimed" and "even if the motions are not completely dispositive, courts will stay discovery where resolution of the motions will impact the number of defendants and legal theories at issue which will in turn impact the scope of discovery." *Id.* (internal quotation marks and citation omitted). Under the second prong, the Court evaluates "whether the pending,

potentially dispositive motion can be decided absent additional discovery." *Id.* (citation omitted). Further, "[a]side from the two-prong analysis discussed above, the Court is mindful that it should inevitably balance the harm of staying discovery with the benefit of allowing discovery to continue." *Id.* at 7 (internal quotation marks and citation omitted).

### III.   ANALYSIS

Upon review, the Court concludes that the pending motion to dismiss is "sufficiently meritorious for a finding that the motion[] [is] potentially dispositive of the case." *Stavrianoudakis v. U.S. Dep't of Fish & Wildlife*, No. 1:18-CV-01505-LJO-BAM, 2019 WL 9667685, at *3 (E.D. Cal. Dec. 20, 2019). Notably, the motion to compel arbitration relies on policy and statutory language that Plaintiffs concede in their opposition to the motion "provide[s] for arbitration of Plaintiffs' claim for [uninsured motorist benefits]." (ECF No. 16, p. 29). While the Court notes that Plaintiffs argue that Defendant has waived (or should be estopped from pursuing) arbitration by its conduct in addressing Plaintiffs' claim, the Court's role at this stage is to take only a "preliminary peek" at the motion to compel arbitration, which "is not intended to prejudge the outcome of the motion." *Apothio*, LLC, 2023 WL 2655847, at *6. With this standard in mind, Defendant's motion to compel arbitration—although opposed—is at least potentially dispositive of the case.

Regarding the second prong— whether the pending, potentially dispositive motion can be decided absent additional discovery—Plaintiffs state that information concerning Defendant's investigation of its uninsured motorist benefits is needed, including "(1) obtaining a complete copy of the related claims file materials and (2) taking the depositions of the persons involved in the handling of their claims." (ECF No. 19, p. 21). Defendant counters that "Plaintiffs have already filed their opposition to Allstate's Motion, and it is fully briefed and under submission to the Court" so "[n]o discovery was or is needed for the Court to decide Allstate's Motion." (ECF No. 21, p. 7). Further, Defendants rely on the following case in support of their argument:

> Second, EDC's motion to compel arbitration can be decided absent additional discovery. Indeed, the pending motion will be fully briefed in two days and is set for hearing on January 19, 2024. Ferrell argues further discovery is required on the ground that EDC's evidence in support of its motion to compel arbitration is inadmissible and insufficient. See Opp'n at 14-15. But those questions go to the merits of the underlying motion, not whether additional discovery is required to

4

decide it. Moreover, Ferrell has already filed her opposition to the underlying motion, so it is not clear what purpose limited discovery would serve.

*Ferrell v. AppFolio, Inc.*, No. SA CV 23-01353-JWH (DFMx), 2024 WL 132223, at *2 (C.D. Cal. Jan. 8, 2024).

Ultimately, the Court finds good cause for a stay of discovery. Notably, in its opposition to the motion to compel arbitration, Plaintiffs assert that the "undisputed facts, along with the case law cited above, leads to the inescapable conclusion that ALLSTATE lost any right to insist on Plaintiffs' claims for UMB to be decided by arbitration." (ECF No. 16, p. 26). While Plaintiff alternatively argues that "[t]o the extent the Court finds issues of fact remain, ALLSTATE's motion is premature and must be denied," it is not evident that there will be disputed facts here. Moreover, if the assigned District Judge determines that further discovery is needed, the District Judge may permit limited discovery at that time.

Lastly, the Court has balanced the interests of Plaintiffs in proceeding with the case against the interests in Defendants of not being unduly burdened by unnecessary discovery. While the Court is sympathetic to Plaintiffs' desire to move forward as soon as possible, the Court finds that this temporary stay will not unreasonably delay the litigation.

## IV.   CONCLUSION AND ORDER

Having concluded that a stay is warranted, IT IS ORDERED as follows:

1. Defendant's motion to stay discovery (ECF No. 18) is granted.
2. The Court declines to enter a scheduling order at this time and all discovery is stayed until after the District Judge rules on the pending motion to compel arbitration.[2]

IT IS SO ORDERED.

Dated:   **May 23, 2024**              /s/ Erica P. Grosjean
                                        UNITED STATES MAGISTRATE JUDGE

---

[2] If the District Judge denies the motion to compel arbitration, the Court will issue an order resetting the scheduling conference so that discovery may commence.