UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUCMAI and TRUCPHUONG HUYNH,<br><br>Plaintiffs,<br><br>v.<br><br>ALLSTATE NORTHBROOK INDEMNITY COMPANY, and DOES 1 through 25,<br><br>Defendants. | No. 1:24-CV-0157-KES-EPG<br><br>ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION, DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT, AND STAYING ACTION PENDING COMPLETION OF ARBITRATION<br><br>Docs. 6, 13 |

Before the Court is defendant Allstate Northbrook Indemnity Company's ("Allstate") motion to compel arbitration and stay action pending completion of arbitration proceedings, Doc. 13, and plaintiffs Trucmai and Trucphuong Huynh's motion for summary judgment as to Allstate's affirmative defense asserting that plaintiffs' claims must be arbitrated, Doc. 6. For the reasons set forth herein, defendant's motion to compel arbitration is granted, plaintiffs' motion for summary judgment is denied, and this action is stayed pending completion of arbitration.

**I.  Background**

On January 2, 2024, plaintiffs brought this action against Allstate in Fresno County Superior Court, alleging breach of insurance contract and breach of good faith and fair dealing under California state law. Doc. 1-1 ("Compl."). Plaintiffs allege that, on September 30, 2022, they were involved in a motor vehicle accident with an uninsured driver and suffered injuries. *Id.*

1

¶ 7. At the time of the incident, plaintiffs' Allstate policy provided uninsured motorist coverage up to $100,000 per person. *Id.* ¶ 6. On November 11, 2022, plaintiffs requested all claim related information that Allstate had obtained regarding the September motor vehicle accident.[1] *Id.* ¶ 8. On February 27, 2023, plaintiffs requested that Allstate open a claim for uninsured motorist ("UM") benefits. *Id.* ¶ 10.

Following investigation of plaintiffs' claim, Allstate advised plaintiffs on June 8, 2023 that they were not entitled to UM benefits because Allstate found plaintiffs to be at fault for the accident. *Id.* ¶ 11. On June 9, 2023, Allstate sent plaintiffs a letter acknowledging receipt of their UM claim and indicated that if the parties could not agree on liability or damages, the dispute would be arbitrated. *Id.* ¶ 12. On July 19, 2023, plaintiffs requested information on the basis for Allstate's denial of plaintiffs' claim. *Id.* ¶ 13.

On August 23, 2023, plaintiffs sent Allstate a demand for arbitration. *Id.* ¶ 16. On September 15, 2023, Allstate informed plaintiffs that it was denying their demand for arbitration because it believed the other driver involved in the accident was insured. *Id.* ¶ 17. Allstate indicated that if plaintiffs believed there was an uninsured driver involved, plaintiffs could inform Allstate accordingly. Doc. 13-4 at 6. On September 20 and October 16, 2023, plaintiffs faxed letters to Allstate requesting documentation and information that would support Allstate's finding that the other driver was insured. Compl. ¶ 20. On October 27, 2023, Allstate responded that, in light of newly discovered information, it was mistaken in its belief that the other motorist was insured, and that it would continue to investigate to determine whether the other driver had any source of coverage. *Id.* ¶ 21.

Plaintiffs filed this action on January 2, 2024. Doc. 1. On January 15, 2024, Allstate sent plaintiffs a letter informing them that it had determined that the other driver was uninsured and accepted plaintiffs' demand for arbitration. Doc. 13-4 at 11. Plaintiffs did not respond to that letter. On January 19, 2024, Allstate sent plaintiffs another letter stating that, notwithstanding plaintiffs' lawsuit, the parties' dispute over the uninsured motorist's liability and the amount of

---

[1] In this recitation of the facts, any reference to actions taken by plaintiffs refer to actions taken by plaintiffs' counsel.

plaintiffs' damages were required to be arbitrated. *Id.* at 13. Plaintiffs responded on January 23 indicating that they did not agree with Allstate's characterization of the events, but did not directly respond to Allstate's demand for arbitration. *Id.* at 16. Over the following month, Allstate repeatedly reached out to plaintiffs to ascertain whether they were agreeing to proceed to arbitration. *See id.* at 18–28. Plaintiffs responded on February 22, 2024, again disputing Allstate's characterization of events, but never agreeing to arbitrate the dispute. *Id.* at 26.

On February 2, 2024, Allstate removed the action to this Court. Doc. 1. On February 7, 2024, plaintiffs filed their motion for summary judgment, requesting that the Court "strike Allstate's Fourteenth Affirmative Defense [asserting its right to arbitration] and issue an order finding that Allstate has waived or is estopped" from arbitration. Doc. 6. Plaintiffs argue that there is no genuine dispute of material fact as to whether Allstate has waived its right to arbitration. *See generally id.* Allstate did not file an opposition to plaintiffs' motion for summary judgment and instead filed a motion to compel arbitration on March 5, 2024. Doc. 13. Plaintiffs filed an opposition on March 19, 2024, Doc. 16, to which Allstate replied on March 29, 2024, Doc. 17. For the reasons explained below, Allstate's motion to compel arbitration is granted, plaintiffs' motion for summary judgment is denied, and this action is stayed pending completion of arbitration proceedings.

## II.   Legal Standard

### A. Motion to Compel Arbitration

California Insurance Code § 11580.2(f) requires that an uninsured motorist ("UM") insurance policy "shall provide that the determination as to whether the insured shall be legally entitled to recover damages, and if so entitled, the amount thereof, shall be made by agreement between the insured and the insurer or, in the event of disagreement, by arbitration." Cal. Ins. Code § 11580.2(f).[2]

The Federal Arbitration Act ("FAA") "makes arbitration agreements 'valid, irrevocable,

---

[2] Arbitration pursuant to "Insurance Code section 11580.2 is a form of contractual arbitration governed by the [California Arbitration Act]." *Pilimai v. Farmers Ins. Exchange Co.*, 45 Cal. Rptr. 3d 760, 765 (Cal. 2006). The California Arbitration Act ("CAA") provides that "[a] written agreement to submit to arbitration an existing controversy or a controversy thereafter arising is

3

1   and enforceable, save upon such grounds as exist at law or in equity for the revocation of any

2   contract.'" *Viking River Cruises, Inc. v. Moriana*, 596 U.S. 639, 649–50 (2022) (quoting 9

3   U.S.C. § 2). "As [the Supreme Court has] interpreted it, [section 2 of the FAA] contains two

4   clauses: An enforcement mandate, which renders agreements to arbitrate enforceable as a matter

5   of federal law, and a saving clause, which permits invalidation of arbitration clauses on grounds

6   applicable to 'any contract.'" *Id.* at 650 (citing *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333,

7   339–340 (2011)).

8        A party seeking to enforce an arbitration agreement may petition the court for "an order

9   directing the parties to proceed to arbitration in accordance with the terms of the agreement."

10  9 U.S.C. § 4. In ruling on a motion to compel arbitration, a court's role is "limited to determining

11  (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement

12  encompasses the dispute at issue." *Boardman v. Pac. Seafood Grp.*, 822 F.3d 1011, 1017 (9th

13  Cir. 2016) (quoting *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir.

14  2000)). The party seeking to compel arbitration bears the burden of proving the existence of an

15  agreement to arbitrate by a preponderance of the evidence. *Knutson v. Sirius XM Radio Inc.*, 771

16  F.3d 559, 565 (9th Cir. 2014).

17  **B. Motion for Summary Judgment**

18       Summary judgment is appropriate if "there is no genuine dispute as to any material fact

19  and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is

20  "genuine" if "a reasonable jury could return a verdict for the nonmoving party." *Anderson v.*

21  *Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if it "might affect the outcome

22  of the suit under the governing law." *Id.* The parties must cite "particular parts of materials in

23  the record." Fed. R. Civ. P. 56(c)(1). The Court then views the record in the light most favorable

24  to the nonmoving party and draws reasonable inferences in that party's favor. *Matsushita Elec.*

25  *Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986). However, the nonmoving party's

26  version of the facts need not be credited if it is blatantly contradicted by the evidence. *Vos v. City*

---

28  valid, enforceable and irrevocable, save upon such grounds as exist for the revocation of any contract." Cal. Code Civ. Proc. § 1281.

4

1  *of Newport Beach*, 892 F.3d 1024, 1028 (9th Cir. 2018).

2  A party may move for summary judgment on affirmative defenses.  Fed. R. Civ. P. 56(a). "In order to carry its burden of production, the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000).  "If a moving party fails to carry its initial burden of production, the nonmoving party has no obligation to produce anything," and "[i]n such a case, the nonmoving party may defeat the motion for summary judgment without producing anything."  *Id.* at 1102–03. "[I]f the nonmoving party produces enough evidence to create a genuine issue of material fact, the nonmoving party defeats the motion." *Id.* at 1103.

## III.   Discussion

The parties do not dispute that a valid arbitration clause exists in plaintiffs' insurance policy and that the policy is enforceable under California law.  *See* Allstate Policy, Doc. 13-3 at 42 ("If you and we disagree on your right to receive any damages or on the amount, then upon the written request of either party, the disagreement will be settled by a single neutral arbitrator.") (emphasis omitted); Cal. Ins. Code § 11580.2 ("The determination as to whether the insured shall be legally entitled to recover damages, and if so entitled, the amount thereof, shall be made by agreement between the insured and the insurer or, in the event of disagreement, by arbitration."). And courts have routinely held that disputes regarding claim eligibility, such as in this case, must be arbitrated.  *See Fanucci v. Allstate Ins. Co.*, 638 F. Supp. 2d 1125, 1137 (N.D. Cal. 2009) ("[C]ompletion of the [UM] arbitration was, in effect, mandatory before [plaintiff] could file this suit."); *Tornai v. CSAA Ins. Exch.*, 317 Cal. Rptr. 3d 26, 34–35 (Cal. Ct. App. 2023) (holding that insured's claim for UIM benefits was subject to arbitration, notwithstanding insured's pending claim against insurer for bad faith); *McIsaac v. Foremost Ins. Co. Grand Rapids, Mich.*, 278 Cal. Rptr. 3d 785, 789 (Cal. Ct. App. 2021) (enforcing order compelling arbitration as insurer "filed a petition to compel arbitration supported by a declaration, showing that the parties had a written agreement to arbitrate the amount of UIM damages and were unable to reach an agreement.").

Rather, plaintiffs argue that Allstate waived its right to arbitration following (1) its denial of plaintiffs' claim for uninsured motorist benefits and (2) its initial denial of plaintiffs' demand for arbitration in September 2023. Plaintiffs' argument is unpersuasive.

"The test for waiver of the right to compel arbitration consists of two elements: (1) knowledge of an existing right to compel arbitration; and (2) intentional acts inconsistent with that existing right." *Hill v. Xerox Bus. Servs., LLC*, 59 F.4th 457, 468 (9th Cir. 2023).[3] The first element is not in dispute, as no party argues that Allstate was unaware of its right to compel arbitration. Plaintiffs argue that the second element is also met, asserting that Allstate's intentional acts before plaintiffs filed this lawsuit waived its right to arbitration.

"There is no concrete test to determine whether a party has engaged in acts that are inconsistent with its right to arbitrate." *Martin v. Yasuda*, 829 F.3d 1118, 1125 (9th Cir. 2016). Instead, the totality of the parties' actions should be considered. *Hill*, 59 F.4th at 471. A party generally "acts inconsistently with exercising the right to arbitrate when it (1) makes an intentional decision not to move to compel arbitration and (2) actively litigates the merits of a case for a prolonged period of time in order to take advantage of being in court." *Armstrong v. Michaels Stores, Inc.*, 59 F.4th 1011, 1015 (9th Cir. 2023) (citing *Newirth ex rel. Newirth v. Aegis Senior Cmtys., LLC*, 931 F.3d 935, 941 (9th Cir. 2019)), *abrogated on other grounds by Morgan v. Sundance, Inc.*, 596 U.S. 411 (2022)). Neither of those circumstances is present here.

First, before this lawsuit was filed, Allstate engaged in a claims resolution process with

---

[3] The parties set forth California state law in arguing the standard for when a party waives its right to arbitration. However, "waiver of the right to compel arbitration affects the allocation of power between tribunals," and therefore "federal law, not state law, governs, even when an arbitration agreement contains a general state choice-of-law clause." *Sequoia Benefits & Ins. Servs., LLC v. Costantini*, 553 F. Supp. 3d 752, 757 (N.D. Cal. 2021) (citing *Sovak v. Chugai Pharm Co.*, 280 F.3d 1266, 1269–70 (9th Cir. 2002)). Allstate's policy contains a general choice-of-law provision. *See* Doc. 13-3 at 49. Therefore, the federal standard applies in this case. In any event, the outcome would be no different under California state law. The California Supreme Court has held that, to "establish waiver . . . [plaintiffs] must prove by clear and convincing evidence that [Allstate] knew of the contractual right [to arbitrate] and intentionally relinquished or abandoned it." *Quach v. California Com. Club, Inc.*, 16 Cal. 5th 562, 584 (2024). As explained in this Order, while Allstate knew of its right to arbitration, its actions did not demonstrate an intentional relinquishment or abandonment of that right.

plaintiffs, investigating whether plaintiffs were covered under the policy, and communicating the status of the claim with plaintiffs. During this process, Allstate informed plaintiffs of their right to arbitration if the parties could not agree on the legal liability of the other driver or on the damages plaintiffs incurred. While Allstate initially denied plaintiffs' demand for arbitration in its September 15, 2023 letter, Allstate attaches letters it subsequently sent to plaintiffs indicating that the denial was due to Allstate's mistaken belief that no uninsured driver was a party to the accident. Doc. 13-4 at 6–9. In its September 15, 2023, Allstate indicated that if plaintiffs believed there was an uninsured driver involved, plaintiffs should inform Allstate accordingly. *Id.* at 6. On September 20 and October 16, 2023, plaintiffs faxed letters to Allstate (1) requesting documentation and information that would support Allstate's finding that the other driver was insured, and (2) indicating that they had provided Allstate with evidence that the other driver lacked coverage. Doc. 16-1 at 26, 28. Six weeks later, on October 27, 2023, upon realizing its mistake regarding the uninsured driver, Allstate informed plaintiffs that it would continue its claim investigation. Doc. 13-4 at 9. Plaintiffs responded by filing the instant lawsuit, to which Allstate responded two weeks later with a request to arbitrate, followed by a removal of the lawsuit to this Court.

      The totality of the circumstances does not support a finding that Allstate's initial denial of plaintiffs' arbitration demand in September 2023 for a limited period before Allstate realized it had made a mistake as to the uninsured status of the other driver, and before plaintiffs initiated this case, constitutes an intentional decision not to compel arbitration in the case. Rather, Allstate initially declined plaintiffs' demand for arbitration based on a mistaken understanding that uninsured motorist coverage was not at issue. In its letter, Allstate noted that if plaintiffs sought to arbitrate the matter, they should provide information to address Allstate's position that the other driver was insured. After plaintiffs responded, Allstate indicated it would continue its claim investigation, but plaintiffs filed this lawsuit shortly thereafter. Allstate then timely removed the case to federal court and promptly moved to compel arbitration. In these circumstances, Allstate did not waive its right to compel arbitration. *Compare AG La Mesa v. Lexington Ins. Co.*, No. 10-cv-1873-IEG (BGS), 2011 WL 11504, at *4 (S.D. Cal. Jan. 3, 2011) (noting that insurer's pre-

1 litigation mistaken demand for arbitration in wrong state, which it corrected three weeks later,
2 and failure to advise plaintiff of right to arbitration, were insufficient to support finding that
3 insurer forfeited right to arbitration) *with Brown v. Dillard's Inc.*, 430 F.3d 1004, 1012 (9th Cir.
4 2005) (company-defendant's four month continuous refusal to participate in arbitration, despite
5 repeated requests from employee-plaintiff and American Arbitration Association, constituted
6 waiver of company's right to compel arbitration once employee filed lawsuit).

   Second, Allstate did not take advantage of being in court to actively litigate the merits of the case. Allstate removed the case from state court on February 2, 2024. Doc. 1. Plaintiffs filed a motion for summary judgment on February 7, 2024, Doc. 6, and Allstate filed its motion to compel arbitration on March 5, 2024, Doc. 13. No discovery had been conducted, and Allstate did not waver in this litigation from the view that it had a right to arbitration, as evidenced by Allstate moving to compel arbitration just over a month after removing the case to federal court. *Armstrong*, 59 F.4th at 1016; *see also Fries v. Wells Fargo Bank*, No. 2:23-cv-07321-SPG-PD, 2024 WL 1816931, at *3 (C.D. Cal. Feb. 22, 2024) ("It is well-established, . . . that simply removing a case from state to federal court does not constitute waiver of a party's right to compel arbitration.") (collecting cases).[4]

   Allstate and plaintiffs are therefore required to arbitrate whether plaintiffs are entitled to compensation for their UM claim, and, if so, the amount to which they are entitled. Because plaintiffs fail to carry their burden to negate Allstate's fourteenth affirmative defense that plaintiffs' claims must be arbitrated, their motion for summary judgment is denied. *See Nissan Fire*, 210 F.3d at 1102.

---

[4] Nor does Allstate's denial of coverage following its determination that plaintiffs were at fault for the accident constitute an intentional act inconsistent with its right to arbitrate. *See Hill*, 59 F.4th at 468. A dispute over such a finding is explicitly arbitrable. *See* Allstate Policy, Doc. 13-3 at 42 ("If you and we disagree on *your right to receive any damages* or on the amount, then upon the written request of either party, the disagreement will be settled by a single neutral arbitrator.") (emphasis added); Cal. Ins. Code § 11580.2 ("The determination as to *whether the insured shall be legally entitled to recover damages*, and if so entitled, the amount thereof, shall be made by agreement between the insured and the insurer or, in the event of disagreement, by arbitration.") (emphasis added).

8

Allstate also argues that plaintiffs' action in this Court should be stayed pending completion of the arbitration of the UM claim. Doc. 13-1 at 15. The FAA requires such a stay. "When a district court finds that a lawsuit involves an arbitrable dispute, and a party requests a stay pending arbitration, § 3 of the FAA compels the court to stay the proceeding." *Smith v. Spizzirri*, 601 U.S. 472, 478 (2024); 9 U.S.C. § 3.[5]

**IV.   Conclusion and Order**

Accordingly:

1. Allstate's motion to compel arbitration, Doc. 13, is GRANTED;
2. Plaintiffs' motion for summary judgment, Doc. 6, is DENIED;
3. This action is stayed pending arbitration proceedings; and
4. Within fourteen (14) days of the issuance of the arbitrator's decision, the parties shall notify the Court that arbitration proceedings have concluded.

IT IS SO ORDERED.

Dated:   November 13, 2025

UNITED STATES DISTRICT JUDGE

---

[5] The CAA similarly provides that "[i]f an application has been made . . . to arbitrate a controversy . . . the court in which such action or proceeding is pending shall, upon motion of a party to such action or proceeding, stay the action or proceeding . . . until an arbitration is had." Cal. Code Civ. Proc. § 1281.4.